IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 25, 2012 Session

## CHEATHAM COUNTY, TENNESSEE v. CHEATHAM COUNTY BOARD OF ZONING APPEALS AND RANDALL AND MARGARET MOONEYHAN

**Appeal from the Chancery Court for Cheatham County**
**No. 14887     Larry J. Wallace, Chancellor**

_____

**No. M2012-00930-COA-R3-CV - Filed November 30, 2012**

_____

PATRICIA J. COTTRELL, P.J., M.S., concurring

The Mooneyhans were brought into court by the county government and were forced to defend a decision by the county's board of zoning appeals. After that decision was upheld in the trial court, the county once again forced the Mooneyhans into this court. They were required to spend money on an attorney in both courts to defend an action by the county government from attack by the county government. These egregious actions by the county were unauthorized.

Judicial review of the board of zoning appeals is properly made under the common law writ of certiorari. *City of Brentwood v. Metropolitan Bd. of Zoning Appeals*, 149 S.W.3d 49, 57 (Tenn. Ct. App.2004). Such review is available to "anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state." Tenn. Code Ann. § 27-9-101.

A county cannot be aggrieved by a decision of its own board of zoning appeals. A county's authority over zoning is granted, and therefore limited, by statute. Tennessee Code Annotated § 13–7–106 provides, in pertinent part, that "[t]he legislative body of any county which enacts zoning regulations under the authority of this part **shall create** a county board of zoning appeals." (emphasis added). The powers of a board of zoning appeals are also granted by statute. Tennessee Code Annotated § 13–7–109(3) grants the board of zoning appeals the power, in certain circumstances, to authorize variances from the strict application of a zoning regulation. Accordingly, by virtue of state statutes governing local land use regulation, the board of zoning appeals makes the final local government decision on variances. In other words, the county's position in a land use decision granting a variance **is** the position taken by the board. No other entity of the county is authorized to review, overrule, or challenge that decision.

When a party seeks judicial review of a board of zoning appeals decision, the county government defends the board's decision and uses its resources in that defense. Here, if someone with standing had challenged the board's decision, the county should have been on the same side of this petition as the Mooneyhans. In that situation, the county's resources would have been spent defending the board, and the Mooneyhans would not have been forced to spend their own to provide that defense.

Although the county revoked the Mooneyhans' building permit, the board gave them the relief they sought. Accordingly, I find the most offensive conduct in this case to be the county's actions in challenging the decision of its own board of zoning appeals. Needless to say, in my opinion, the trial court should have dismissed the county's petition. I am writing this separate opinion to ensure, as best I can, that no one read the style of this case as establishing an unauthorized county action.

Substantive due process actions are designed "to protect against acts of governmental officials that are so far beyond the outer limits of legitimate governmental action that no amount of process could cure the deficiency." *Parks Properties v. Maury County*, 70 S.W.3d 735, 744 (Tenn. Ct. App. 2001). Substantive due process violations only occur when governmental actors engage in deliberate conduct intended to injure in some way that cannot be justified by any governmental interest. *Id.* I find the county's action in challenging the board's decision in court to fall within those definitions, especially when there was never even a need for a variance and the Mooneyhans were always entitled to use their land as they sought.

_____
PATRICIA J. COTTRELL, JUDGE